UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KWESI MUHAMMAD, ) | CASE NO. 1:15 CV 2460 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| CLIFFORD PINKNEY, et al., ) | |
| ) | |
| Defendants. ) | |

**Introduction**

On December 1. 2015, Plaintiff *pro se* Kwesi Muhammad, an inmate at the Folsom State Prison in California, filed this 42 U.S.C. § 1983 rights action against Defendants Cuyahoga County Sheriff Clifford Pinkney, Corrections Regional Director Kenneth Mills, and Cuyahoga County Jail Associate Warden Eric Ivey.  Plaintiff's Amended Complaint, filed on March 7, 2016, adds Defendant Cuyahoga County Jail Culinary Manager Michael Salay.  The Amended Complaint alleges that the food at the Cuyahoga County Jail, where Plaintiff was formerly confined, was insufficiently heated and nutritionally inadequate.  He suffered weight loss and physical weakness, as well as bouts of stomach pains and diarrhea as result of this.  He asserts Defendants violated of his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff asks for class certification and monetary and injunctive relief.  For the

-1-

Case No. 15-cv-2460
Gwin, J.

reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

**Standard of Review**

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy*

Case No. 15-cv-2460
Gwin, J.

*Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### Law and Analysis

As a threshold matter, Fed.R.Civ.P. 23(a)(4) does not permit a *pro se* inmate to serve as a class representative. *See Howard v. Dougan*, No. 99-2232, 221 F.3d 1334, 2000 WL 876770, *1 (6th Cir. June 23, 2000) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated pro se litigant without legal training."), *reh'g denied*, 2000 WL 1206591 (6th Cir. Aug.17, 2000), *cert. denied*, 532 U.S. 948, 121 S.Ct. 1417, 149 L.Ed.2d 358 (2001); *Hammond v. O'Dea*, No. 91-5089, 932 F.2d 968, 1991 WL 78161, *2 (6th Cir. May 14, 1991) ( "[P]ro se prisoners are not adequate representatives fairly able to represent the class."); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir.2001).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMilian*, 503 U.S. 1,8 (1992). Routine discomforts of

Case No. 15-cv-2460
Gwin, J.

prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff simply does not set forth facts reasonably suggesting he suffered sufficiently serious harm, or that Defendants acted with a sufficiently culpable mental state, to establish an Eighth Amendment violation. Therefore, even liberally construed, the Amended Complaint does not contain allegations which might support a valid federal claim. *See*, *e.g., Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 15, 2016       *s/ James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE